CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
JUN 12 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CHARLES H. BOLDEN, | ) | CASE NO. 3:12CV00048 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's July 12, 2010 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423, and 1381, et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter DENYING the Commissioner's motion for summary judgment, GRANTING, in part, the plaintiff's motion for summary judgment, and REMANDING this case to the Commissioner for further proceedings.

In a decision dated September 19, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since June 1, 2007, his alleged date of disability onset.[1] (R. 25.) The Law Judge found that plaintiff met the insured status requirements for a period of disability and disability insurance benefits through June 30, 2009. (20 C.F.R. § 404.131, R. 25.) There is no insured status requirement for supplemental security income (SSI) under the Social Security Act. The

---

[1] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). Supplemental security income is payable the month following the month in which the application was filed. 20 C.F.R. § 416.335.

Law Judge determined that plaintiff's obesity, essential hypertension, and degenerative disc disease were medically determinable impairments, but were not severe impairments. (R. 26.) The Law Judge found plaintiff not disabled under the Act.

Plaintiff appealed the Law Judge's September 19, 2011 decision to the Appeals Council and submitted additional evidence. (R. 1-22, 284-315.) In its August 3, 2012 decision, the Appeals Council considered the additional evidence and found no basis to review the Law Judge's decision. (R. 1-2.) The Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. *Id.* This action ensued, cross motions for summary judgment were filed together with supporting briefs, and oral argument was held by telephone before the undersigned on April 23, 2013. During the hearing, defendant sought and was granted ten days to submit supplemental briefing, and no further pleadings have been filed.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than preponderance." *Id.* at 642.

When a claimant submits additional evidence on administrative appeal, and where the Appeals Council considers the evidence but denies review, courts must consider the record as a whole, including the new evidence, in determining whether the final decision is supported by substantial evidence or whether there is good cause to remand for further proceedings. *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991). Because the Council made no findings

regarding the evidence submitted on administrative appeal, the court must consider whether the evidence offered there was both new, as opposed to cumulative, and material, in that it reasonably may have changed the decision by the fact finder had it been before him/her in the first instance, and whether it relates to the period for which benefits were denied. *Borders v. Heckler*, 777 F.2d 954 (4th Cir. 1985). If the evidence demonstrates only a worsening of the claimant's condition after the period covered by the Commissioner's final decision, plaintiff's remedy would be to file a new claim. *Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709 (6th Cir. 1988).

Plaintiff seeks reversal or remand on two grounds. First, he asserts that the Law Judge erred in determining he did not have a severe impairment. Second, he believes that the evidence offered to the Appeals Council was new and material, that the Council erred in denying review in light of the evidence, and that good cause exists to remand the case for further proceedings.

There is only one medical record dated between plaintiff's alleged onset date of disability on July 1, 2007 and the expiration of his insured status on June 30, 2009. On July 1, 2008, plaintiff saw Christopher Newell, M.D., for a consultative examination (CE). Dr. Newell diagnosed plaintiff with hypertension, lumbago likely due to lumbar spondylosys, and chest pain of unknown etiology which could be angina. (R. 245.) He noted that plaintiff's past medical history included a right hip fracture status post pinning. (R. 244.) Dr. Newell did not make any determination as to the effects of these conditions on plaintiff's ability to work. This evidence fails to establish that plaintiff suffered a severe impairment prior to the expiration of his insured status. The Commissioner's final decision with regard to plaintiff's application for a period of disability and disability insurance benefits should be affirmed.

A treatment note from Central Virginia Health Services dated May 4, 2010 indicated plaintiff's last visit to those offices was in 2001. (R. 255.) Plaintiff complained of hip pain, and was also diagnosed with uncontrolled hypertension and chest pain combined with shortness of breath and edema. (R. 255.) At a follow-up for his back and hip pain on May 17, 2010, plaintiff was diagnosed with diabetes mellitus, hypertension, somnolence, ethanol use, BRBPR (bright red blood per rectum), gout, and polycythemia

vera.[2] (R. 253.) Plaintiff returned to Central Virginia Health Services on June 1, June 28, August 16, and December 2, 2010, reporting repeatedly that the blood pressure medications were helping, but that he was unable to afford them. (R. 250, 251, 252, 260.)

On January 21, 2011, plaintiff was treated by Dr. Ross Isaacs at Central Virginia Health Services. (R. 280.) Dr. Isaacs completed a physical limitations assessment for plaintiff opining that could lift no more than ten pounds, could walk less than two hours and sit for half an hour, and could never stoop, climb, balance, crouch, kneel, or crawl. (R. 266-267.) Dr. Isaacs further opined in the assessment that plaintiff suffered an unspecified a medical condition which could cause significant pain resulting in interruption of activities or concentration, would require unpredictable or lengthy periods of rest, required elevation of a lower extremity, and would be absent from work very frequently. (R. 268.)

At follow-up visits on February 22, March 17, and June 8, 2011, plaintiff's medical records observed that his hypertension was under control. On June 25, 2011, plaintiff underwent a lumbar spine MRI, which demonstrated multilevel broad-based disc osteophyte complexes, with severe bilateral foraminal stenosis at L5-S1 and also at L4/5 levels. (R. 270.) Plaintiff followed up with his treating physicians on July 21, August 4, and September 14. (R. 275, 286, 287.) Plaintiff's hearing before the Law Judge occurred on August 29, 2011, and the Law Judge rendered his decision on September 19, 2011.

On September 29, 2011, a second MRI demonstrated no significant interval change in lumbar spine degenerative change; generalized L5-S1 disc bulge causing severe bilateral neuroforminal narrowing; L4-L5 disc bulge causing severe left and moderate right neuroforminal narrowing; moderate left and mild right neuroforminal narrowing at L3-L4; multilevel mild central stenosis and neuroforminal narrowing; and an unchanged T1/T2 hypointense left iliac lesion. (R. 306.) Plaintiff continued treatment for his hypertension at Central Virginia Community Health Center on November 1 and December 6, 2011. (R. 284-285.)

---

[2] "Polycythemia vera is a blood disorder in which your bone marrow makes too many red blood cells." *Polycythemia Vera*, MAYO CLINIC, http://www.mayoclinic.com/health/polycythemia-vera/DS00919 (last updated Apr. 2, 2011).

4

He began treatment at the University of Virginia (UVA) Pain Management Center for his back pain on November 29, 2011. Dr. Thomas G. Sutton's assessment lists bilateral flank pain, lumbar facet pain, and right-sided thigh pain. (R. 303.) Dr. Sutton recommended lumbar MBBs (medial branch blocks) to treat and diagnose the source of plaintiff's pain. (*Id.*) Plaintiff reported that his pain was an 8 out of 10 and that it began in the midline of his upper lumbar spine and radiated to the flank areas. (R. 301.) Dr. Sutton suggested an increase in plaintiff's flexeril prescription or an AED, but did not believe the pain would respond to a steroid injection and would not recommend NSAIDs due to plaintiff's kidney disease. (R. 303-304.) On December 20, 2011, Dr. Justin Ford of the UVA Pain Management Center performed a lumbar medial branch block procedure. (R. 289-290.) Plaintiff reportedly tolerated the procedure well and his pain decreased from an 8 to a 2 with increased range of motion. (R. 290.) Dr. Ford recommended that plaintiff undergo a subsequent right-sided L2/3/4/5 denervation. (R. 290.)

The Law Judge determined that plaintiff was not disabled at step two of the sequential evaluation process, finding that none of his medically determinable impairments, including his degenerative disc disease, were severe. Under the regulations, an impairment is considered "not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521. The Fourth Circuit has noted that "ordinarily, this is not a difficult hurdle for the claimant to clear." *Albright v. Commissioner of Social Security*, 174 F.3d 473, 474 n.1 (4th Cir. 1999). Under established precedent, an impairment should be considered not severe "only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) (emphasis in original). Therefore, a claim should not be dismissed at step two of the sequential evaluation if plaintiff's medically determinable impairments limit his ability to perform basic work activities, even though he may ultimately be found not disabled.

There clearly is substantial evidence in this record to support the Commissioner's decision to deny plaintiff's claim for a period of disability and disability insurance benefits. The record is scant, at best, about the severity of plaintiff's maladies before his insured status expired, and the Commissioner's

decision, to that extent, should be affirmed. The decision coextensively denying plaintiff's claim for SSI benefits stands on different grounds.

The CE, Dr. Newell, did not reveal whether plaintiff was limited in his ability to perform basic work activities. However, he diagnosed plaintiff with hypertension, and suspected that plaintiff may suffer from lumbar spondylosys and angina. (R. 245.) Both of the state agency physicians opined that plaintiff was limited to light work. (R. 179, 203.) Plaintiff's treating physician at Central Virginia Health Services, Dr. Isaacs, opined that plaintiff was disabled from substantial work activity. (R. 268.) The Law Judge relied on the fact that medications ease plaintiff's pain in making his severity determination. (R. 27.) However, the record does not demonstrate that medications cured plaintiff's pain, and the plaintiff's unrebutted evidence is that their side effects caused him to feel dizzy and sleepy. (R. 27.) Moreover, the Law Judge noted that plaintiff's June MRI showed multi-level broad-based osteophyte complexes and severe bilateral foraminal stenosis, and he never explained how the objective medical evidence could be reconciled with his determination that plaintiff did not suffer a severe impairment after June 2009.

Although the Law Judge further noted that the etiology of plaintiff's pain was not discovered until June 2011, any evidence of a severe impairment prior to the time the Appeal's Council adopted the Law Judge's decision was relevant to determining plaintiff's SSI disability claim. (R. 28.) Plaintiff's subsequent treatment at the UVA Pain Management Center, where he underwent one medial branch block procedure and was recommended to have a subsequent denervation, provides support for plaintiff's claim that he suffers from pain which limits his ability to perform basic work activities. (R. 289-290.) Accordingly, there is good cause to remand this case for further proceedings relating to the severity of plaintiff's impairments after his insured status expired for purposes of determining whether plaintiff is entitled to SSI disability benefits.

For all these reasons, it is RECOMMENDED that an Order enter

    a) AFFIRMING the Commissioner's final decision denying plaintiff's claim for a period of disability and disability insurance benefits but DENYING the Commissioner's motion for summary judgment relating to plaintiff's SSI claim;

b) DENYING plaintiff's motion for summary judgment on his claim for a period of disability and disability insurance benefits but GRANTING the plaintiff's motion for summary judgment for a remand of his claim for SSI benefits; and

c) REMANDING the case to the Commissioner for further proceedings relating to plaintiff's claim for SSI benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

6/12/13
Date